```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


RONALD MICHAEL HARRELL                         CIVIL ACTION


v.                                             NO. 06-9926


ECKSTEIN MARINE SERVICE, L.L.C.                SECTION "F"
```

ORDER AND REASONS

Before the Court is Murray Law Firm's motion to review and appeal the magistrate judge's order of February 14, 2007, denying the law firm's motion to intervene. For the reasons that follow, the magistrate judge is AFFIRMED.

**Background**

On November 14, 2006 Ronald Michael Harrell sued Eckstein Marine for maintenance and cure, Jones Act negligence, and unseaworthiness to recover for personal injuries he suffered while working as a deckhand for Eckstein Marine. The Murray Law Firm represented Mr. Harrell at the time the complaint was filed.

On January 2, 2007, Mr. Harrell called Stephen Murray of the Murray Law Firm and told him that he might be hiring another lawyer. At about 1:40 p.m. on January 4, 2007, Mr. Harrell faxed the Murray Law Firm a handwritten letter "confirm[ing] a conference

1

where we both agree that you would no longer rep me and I should find another lawyer." In the subject line of the letter, Mr. Harrell noted "Re termination of representation as of 1-2-07."[1] Before the close of business on January 4, the Murray Law Firm faxed Eckstein Marine a letter stating that the firm had an attorney's lien and that it planned to intervene in Mr. Harrell's suit pending in this Court. Meanwhile, however, Mr. Harrell and Eckstein Marine settled as of January 4, 2007.[2]

Shortly afterward, a couple days later, the Murray Law Firm filed a motion to intervene (in Mr. Harrell's federal lawsuit against Eckstein Marine) in an effort to recover legal fees and expenses arising out of its representation of Mr. Harrell. Following a hearing on February 14, 2007, Magistrate Judge Knowles denied the Murray Law Firm's motion to intervene "without prejudice to any right that [Murray Law Firm] has to prosecute its claim for fees and costs against Ronald Michael Harrell in state court."

---

[1] No motion to withdraw as counsel or substitute counsel was filed; thus, the record reflects that Stephen Murray and Angelique Duhon of the Murray Law Firm remain counsel of record for Mr. Harrell.

[2] In settling his claims, Mr. Harrell signed the contract, swearing under oath that he was not represented by counsel and acknowledging that Eckstein Marine's attorney advised him that he was not his lawyer.

I.

Standard of Review[3]

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions.  See Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is " clearly erroneous or contrary to law."  See Fed.R.Civ.P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perles v. Kagy, 394 F. Supp. 2d 68, 70 n.6  (D. D.C. 2005) (agreeing with other district courts' application of clearly erroneous standard to magistrate judge's denial of a motion to intervene).

II.

The Murray Law Firm has failed to convince the Court that it should upset the magistrate judge's ruling denying its motion to intervene.  Magistrate Judge Knowles' determination that Murray Law Firm was not entitled to intervene in the lawsuit was not clearly erroneous or contrary to law.

The Murray Law Firm does not dispute that a final settlement contract was executed and that its motion to intervene was filed after that.  Rather, the Murray Law Firm complains that Eckstein Marine acted underhandedly and in bad faith, and that its counsel

---

[3] The Court notes that both parties have ignored the applicable standard of review.

acted unprofessionally.[4] In support, it invokes the Court's local rules and standards of professional responsibility. These rules and standards, however, are irrelevant to the merits of the only issue before the Court: whether it was clearly erroneous for Magistrate Judge Knowles to deny the Murray Law Firm's intervention in Mr. Harrell's lawsuit against Eckstein Marine under the circumstances. On this issue, the Murray Law Firm draws attention to no legal authority in favor of its proposed intervention. Because the Court finds that the Magistrate Judge did not clearly err, the Murray Law Firm must pursue whatever rights it might have to collect its fees and expenses incurred in its representation of Mr. Harrell through an avenue other than Rule 24 intervention.[5]

Accordingly, the Magistrate Judge's February 14, 2007 Order is AFFIRMED; the Murray Law Firm's motion to appeal the Magistrate Judge's Order of February 14, 2007, denying its motion to

---

[4] Because the settlement was reached before even an Answer was filed, and then this motion practice followed, neither party notified the Court that a settlement was reached. Based on the record and, as a practical matter, however, the Court notes that the Murray Law Firm's failure to address directly the fact that all claims in the suit have been resolved and thus, that no lawsuit remains pending for intervention, undermines its position. But the Court reiterates that it expresses no opinion on either (1) the underlying merits of the Murray Law Firm's claims to recover for the representation it provided to Mr. Harrell; or (2) the alleged (serious) transgressions of legal professionalism that may give rise to those claims.

[5] The Court again notes that Magistrate Judge Knowles' ruling provided that his ruling was "without prejudice to any right [Murray Law Firm] has to prosecute its claims for fees and costs against Ronald Michael Harrell."

intervene, is DENIED.  Because there are no claims remaining, the case is hereby dismissed.

        New Orleans, Louisiana, April 5, 2007.

                _____
                MARTIN L. C. FELDMAN
                UNITED STATES DISTRICT JUDGE